UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS MCKENZIE | CIVIL ACTION |
| VERSUS | NO:     07-06739 |
| AAA INSURANCE CO. d/b/a AUTO CLUB FAMILY INSURANCE CO. | SECTION: "F" (4) |

## ORDER

On February 29, 2008, the Court granted as unopposed a Motion to Compel (R. Doc. 8) filed by the Defendant, Auto Club Family Insurance Co. ("Auto Club"). (R. Doc. 9.) In the motion, Auto Club sought the award of reasonable attorney's fees associated with the motion. Consequently, the Court ordered Auto Club to file a motion to fix attorney's fees into the record.

Auto Club filed a **Motion to Fix Attorney Fees (R. Doc. 10)** and attached two (2) affidavits and itemized fee entries for the services rendered by Auto Club's counsel, Amy V. Christina ("Christina"). In total, Auto Club seeks the recovery of $526.50 in attorney's fees. According to the materials submitted by Auto Club, Christina expended 3.90 hours in connection with the motion at a rate of $135.00, for a resulting total of $526.50. The Plaintiff, Thomas McKenzie ("McKenzie") did not file an opposition.

**I.     Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light*

*Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**II.    Analysis**

    **A.    Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable."  *La. Power and Light*, 50 F.3d at 328.

Here, Auto Club seeks the recovery of $526.50 in attorney's fees for 3.90 hours of work on the motions to compel and to fix attorney's fees at the hourly rate of $135.00.  In support of the hourly rates, Auto Club submits the affidavit of its attorney, Christina.

According to Christina's affidavit, she graduated in the top thirty percent (30%) from the Paul M. Herbert Law Center at Louisiana State University in 2002, earning both a Bachelor of Civil Law and a Juris Doctorate. (R. Doc. 10-3, Ex. 3.)  Thus, based on the Court's calculation, Christina has been an attorney for approximately six (6) years.  She attests that she is now employed by the law firm of Chopin, Wagar, Richard & Kutcher. (R. Doc. 10-3, Ex. 3.)  Based on the attachments

to her affidavit, Christina indicates that she spent a total of 2.20 hours on the motion to compel and 1.70 hours on the motion to fix attorney's fees, for a resulting total of 3.90 hours. (R. Doc. 10-3, Ex. 3.) Furthermore, the attached time sheets and affidavit by Thomas B. Collins ("Collins"), a representative for Auto Club, indicate that Christina billed and was paid for her work at a rate of $135.00 an hour. (R. Doc. 10-3, Ex. 4, p. 14.)

Other than Collins's affidavit, Auto Club provides no information regarding the rates actually billed and paid in similar lawsuits. Nevertheless, after considering Christina's approximate six (6) years of legal experience and rate of $135.00, the Court finds that her rate is within the range of the prevailing market rates as previously found by this Court and by other courts in this District. *See Creecy v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *see also Lytal Enterprises, Inc. v. Newfield Exploration Co.*, Civ. A. 06-00033, 2006 WL 3366128 at *6-7 (E.D. La. Nov. 17, 2006)(awarding a rate of $175.00 an hour to a senior-level associate, who had graduated from law school seven (7) years ago, for work on a motion to compel); *Tasch, Inc. v. Unified Staffing & Associates, Inc.*, Civ. A. 02-03531, 2003 WL 23109790 (E.D.La. Dec. 30, 2003) (awarding counsel with five (5) to six (6) years of legal experience fees at a rate of $150.00 an hour). Furthermore, Christina's rate of $135.00 an hour is uncontested by McKenzie. Therefore, the rate sought for Christina's legal representation for the subject motions is *prima facie* reasonable. *See La.*

*Power and Light*, 50 F.3d at 328.  The Court thus concludes that a rate of $135.00 is appropriate for Christina's work on the motions.

**B.     Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Neither Christina's affidavit nor the attached billing statement for legal services that she provided in conjunction with the subject motions mentions any hours expended but not billed to the client.  It is therefore presumed that Christina did not exercise billing judgement.  However, as indicated by the above case law, the Court may also conduct a line-by-line analysis of Christina's billing statement.

According to the billing invoice, Christina spent (1) 0.30 hours reviewing the file, (2) 1.50

5

hours drafting the motion to compel and supporting memorandum, (3) and 0.40 hours telephoning and corresponding with the McKenzie's attorney, regarding the motion to compel. (R. Doc. 10-3, Ex. 1, p. 2.) Thereafter, Christina spent 1.70 hours drafting the affidavit in support of the motion to fix attorney's fees, corresponding with the Court, and calculating the fee for the award. (R. Doc. 10-3, Ex. 2, p. 4.) After conducting a line-by-line analysis of Christina's billing invoice, the Court concludes that the time she reported was reasonably expended. Specifically, considering Christina's six (6) years as an attorney and the relative ease of the motions, the Court finds that 3.70 hours spent in preparing both motions is reasonable, and not excessive. Therefore, the Court awards Christina fees for a total of 3.70 hours for her time spent on the above-mentioned motions and associated parts.

      **C.**    **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. Therefore, the Court awards Auto Club a total of $526.50 for 3.90 hours of work performed on the motions by Christina.

**III.**    **Conclusion**

      Accordingly,

6

**IT IS ORDERED** that Auto Club's **Motion to Fix Attorney Fees (R. Doc. 10)** is **GRANTED**.  The Court finds that a total fee of **$526.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that McKenzie satisfy his obligation to Auto Club no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 5th day of June 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**